McCook *vs.* Bernd Brothers *et al.*[*]

A bill to enjoin a sale by the sheriff under a mortgage *fi. fa.* and set aside the judgment of foreclosure upon which it issued, on the ground that defendant had a legal defence against the mortgage and was prevented from making same by the fraud of the plaintiff, but in which no facts are alleged which show such fraud, was rightly dismissed on demurrer. (Head-note by the court.)

February 6, 1888.

[*]Simmons, J., being disqualified, Judge Lumpkin, of the Northern circuit, was designated to preside in his stead.

Injunction. Mortgages. Executions. Judgments. Fraud. Before Judge SIMMONS. Bibb Superior Court. April Term, 1887.

Reported in the decision.

HARDEMAN & DAVIS, for plaintiff in error.

J. H. HALL, for defendants.

LUMPKIN, Judge.

Mrs. McCook, lately Mrs. Espiner, filed her bill, alleging that her late deceased husband had been on most friendly and intimate terms with Adolph Bernd, of the recent firm of Bernd Brothers, that both were of foreign birth, and had been closely bound together by ties of sympathy and regard, and her said husband had been an employé of said firm. During her husband's lifetime, she had given a note and mortgage to said Bernd Brothers for her husband's debt and under compulsion by him, which was now owned and controlled by said Adolph, who had caused the same to be foreclosed, and under the *fi. fa.* issued upon said foreclosure, the sheriff had advertised and was about to sell her property. The note was tainted with usury, and had been partly paid, but the judgment was for the full amount thereof, including the usurious interest. Upon his death-bed, her husband had commended to her in the highest terms the said Adolph, and advised her to confide in and trust him as a faithful friend. From various remarks made by him, she and her husband had been led to believe he intended to make their daughter a legatee under his will, at least to the extent of the debt represented by said note and mortgage. She was one day in defendant's store and he was aiding her in selecting certain tools which had belonged to her husband, and which she wished to keep. While in there, the debt in question was mentioned, and Mr. Bernd said to her, he would never have her property

McCook *vs.* Bernd Brothers *et al.*

sacrificed to pay it. Soon thereafter, the sheriff came into the store and served her with a copy of the rule *nisi* to foreclose the mortgage. She asked Mr. Bernd what that paper meant, and he told her it was only about the debt she owed him. She took the paper home with her, but did not read it or understand what it meant, and she relied on the facts already stated in believing that she would not be disturbed or her property sold. She never heard of the matter any more until the levy by the sheriff, which she now prays may be enjoined, and that said judgment be set aside, and she allowed to make her aforesaid defences against the foreclosure of the mortgage.

The foregoing are, substantially, the allegations of the bill. We do not see in them any grounds for the relief sought. It is true complainant characterizes the conduct of Bernd as fraudulent; but in what did his fraud consist? He did not tell her he would never ask payment of the debt. She was distinctly informed the paper handed her by the sheriff was in relation to this debt, and Mr. Bernd never once told her not to make her defence against it. She knew or ought to have known it was a suit, and ordinary prudence would have suggested that she should give it the necessary attention. When fraud is alleged, facts must be set forth showing in what manner fraud was practiced. If this judgment could be set aside on the allegations of this bill, it would open very wide the door to allow interference with all judgments. If the complainant has really suffered any injustice, it is simply the consequence of her own gross and inexcusable carelessness and negligence, against which the courts cannot, under such circumstances, afford relief.

The judgment below is affirmed.